Martin *vs.* Huson.

JAMES MARTIN, sheriff, plaintiff in error *vs.* MARK A. HUSON, defendant in error.

(LOCHRANE, C. J., being security for the sheriff would not preside)

An execution was placed in the sheriff's hands, which issued on a judgment rendered since the first of June, 1865, and a rule was taken against the sheriff requiring him to show cause why he should not be attached for contempt of the process of the Court in failing to make the money due the plaintiff therein. And the sheriff shewed for cause that he had been notified by the defendant that the judgment on which the execution issued was obtained on a debt or contract made prior to to the first of June, 1865, and that the collection thereof was suspended by a resolution of the General Assembly, passed in 1870; that the defendant promised to save the sheriff harmless in the event of his not prcceeding to collect the same. Upon this showing of the sheriff the Court made the rule absolute against the sheriff for the amount due on the execution, to which the sheriff excepted:

*Held,* That there was no error in the judgment of the Court below in making the rule absolute against the sheriff, upon the showing set forth in the record, that the sheriff's duty was to have proceeded to collect the money due on the execution, unless the defendant had filed an affidavit of illegality thereto, or unless restrained by some other legal process, from doing so.

A rule against a sheriff for money, and an attachment for not paying over that money, all occurring at the same term, are the same cause, and may be joined in one bill of exceptions. (R. See end of Report.)

Stay-Resolution. Sheriffs. Practice. Supreme Court. Before Judge COLE. Bibb Superior Court. May Term, 1870.

In July, 1869, Huson obtained a judgment, in said Court, against G. B. Roberts and W. L. Stark. (See Huson *vs.* Roberts, *et al.*, 40th Georgia Report, 30.) *Fi. fa.* issued upon said judgment on the 21st of March, 1870, and was handed to the sheriff for collection. He having failed to make the money, was, at May Term, 1870, ordered to show cause why he should not pay Huson the amount of the *fi. fa.* His answer does not appear by the record. But sufficient appears to show that his excuse was that defendants claimed thåt said *fi. fa.* was founded upon a debt made prior to June, 1865, and was, therefore, stopped by the stay-reso-

lution of 1870, viz: ("That all the proceedings in the several Courts of this State founded on any debt or contract made or entered into before the first of June, 1865, and all levies and sales by virtue of any execution so founded shall be and are hereby stayed until twenty days after the recess taken by this General Assembly shall have expired,") and promised him if he would not levy they would protect him, and pay the debt if the Court decided that he ought to have levied. The Court held this excuse to be insufficient in law, and ordered the sheriff to pay the amount due on the *fi. fa.* Failing to do this, he was called on to show cause why he should not be attached for contempt. To this he replied, as aforesaid, with this addition : He was advised, and believed it was right, to decline levying under the circumstances and therefore declined. The Court granted an order that he be imprisoned till he paid said *fi. fa.* The granting of the said two rules is assigned as error.

When the cause was called here, the record in Huson *vs.* Roberts *et al.*, used in another case, to-wit : Huson *vs.* Martin was agreed to be used here. The Judge certifies that said record was not used before him in the Court below. It is immaterial to say more about it here than that Martin's counsel said the case was covered by the resolution, because the contract was made before June, 1865, but Huson's counsel said that the judgment was for a default occurring after the 1st of June, 1865. Counsel for defendant in error moved to dismiss the writ of error because it was double, in that the rule for the money and the rule for contempt were distinct causes. This was held to be no ground for dismissal. They then moved to compel counsel for Martin to elect upon which of said cases they would proceed. The Court held that there was but one case in the bill of exceptions.

W. K. DeGraffenried, B. Hill, for plaintiff in error.

R. F. Lyon, Jno. Rutherford, for defendant.

WARNER, J.

On the statement of facts contained in the record of this case, there was no error in the judgment of the Court below in granting the rule absolute against the sheriff for the amount due on the execution in his hands for collection.

Let the judgment of the Court below be affirmed.